The State of Ohio, Appellant, *v.* Talley, Appellee.

[Cite as State *v.* Talley (1985), 18 Ohio St. 3d 152.]

(No. 84-1676—Decided July 10, 1985.)

*John T. Corrigan,* prosecuting attorney, and *Richard Wiegand,* for appellant.

*William T. Doyle* and *Kenneth Callahan,* for appellee.

DOUGLAS, J. The issue presented is whether, under the facts of this case, the offenses of breaking and entering, grand theft, and possession of criminal tools are allied offenses of similar import, rendering sentencing following convictions on all three improper. This court holds that these offenses are not allied offenses of similar import and that sentencing on all three crimes was thus proper. Accordingly, the judgment of the court of appeals is hereby reversed.

R.C. 2941.25 provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

This court, in *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 418, employed a two-step analysis in determining whether two offenses are allied under R.C. 2941.25:

"In applying this statute, the courts have employed a two-step analysis described in *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373]. The first step requires a comparison of the elements with which the defendant is charged. Allied offenses of similar import are those offenses

whose elements correspond to such a degree that the commission of one offense will result in the commission of the other. *Id.* at 128. An illustration of this principle is rape, as defined by R.C. 2907.02(A)(1), and kidnapping, as defined by R.C. 2905.01(A)(4). A comparison of the elements of these two offenses reveals such a singularity of purpose and conduct that kidnapping may be said to be implicit within every forcible rape. *State* v. *Price* (1979), 60 Ohio St. 2d 136 [14 O.O.3d 379]; *State* v. *Logan, supra*; *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242].

"In the event that the court finds the offenses being compared are allied offenses of similar import, it must proceed to the second step of analysis which is indicated under R.C. 2941.25(B). This level of inquiry involves a review of the defendant's conduct for a determination as to whether the offenses were committed separately or with a separate animus as to each. If the offenses were so committed, the defendant may be convicted of them all."[1]

Under *Mitchell,* then, the first step is to analyze the elements of each offense to determine if those elements correspond to such a degree that the commission of one offense will result in the commission of the other, *i.e.,* to determine whether the offenses are allied offenses of a similar import.

R.C. 2911.13, breaking and entering, provides in part as follows:

"(A)   No person[,] by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B)   No person shall trespass on the land or premises of another, with purpose to commit a felony."

The elements of this crime, as spelled out in The Ohio Criminal Law Handbook (4 Ed. 1984) A-55, are as follows:

"Division (A):
"(1)   With purpose to commit a theft offense or any felony therein
"(2)   Trespass in unoccupied structure
"(3)   By force, stealth, or deception
"(4)   Venue[.]
"Division (B):
"(1)   With purpose to commit a felony
"(2)   Trespass on land or premises of another
"(3)   Venue[.]"

R.C. 2913.02, theft, provides, in pertinent part, as follows:

"(A)   No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1)   Without the consent of the owner or person authorized to give consent;

---

[1] This court expresses no opinion as to the sufficiency of the evidence supporting these charges.

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat."

The Ohio Criminal Law Handbook at A-57 specifies the elements of theft as follows:

"(1) Knowingly obtain or exert control over property or services

"(2) With purpose to deprive the owner thereof

"(3) (a) Without consent of owner or person authorized to consent

"(or)

"(b) Beyond the scope of the express or implied consent of owner or person authorized to consent

"(or)

"(c) By deception

"(or)

"(d) By threat

"(4) Venue[.]"

And, R.C. 2923.24, possessing criminal tools, provides, in relevant part, as follows:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use."

The elements of this crime, as delineated in The Ohio Criminal Law Handbook at A-111 are:

"(1) Have possession or control of

"(2) Any substance, device, instrument, or article

"(3) With purpose to use it criminally

"(4) Venue[.]"

A comparison of the elements for each of these three crimes clearly indicates that they do not correspond to such a degree that the commission of one offense will result in the commission of the other. For example, the crime of breaking and entering necessarily involves a trespass into an unoccupied structure. This element is not essential to the commission of grand theft or possession of criminal tools. Grand theft requires one to obtain or exert control over property of another; the crimes of breaking and

entering and possession of criminal tools do not have such an element. Possession of criminal tools mandates the possession of an item with the purpose to use it criminally. Possessing criminal tools is not limited to possession with the purpose to commit theft; rather, it is broad enough to include any criminal purpose as the requisite intent.

The offenses are such that the commission of one will not result in the commission of another. The crime of breaking and entering is complete at the time of entry into the structure. A theft is not necessary for a breaking and entering conviction — the purpose to commit any felony will suffice. Further, one can easily possess a criminal tool without committing either theft or breaking and entering.

While the court of appeals recognized that the elements of the offenses at issue herein were distinguishable, it nonetheless found that appellee could not be convicted of each offense because appellee acted with a single purpose and the crimes have a nexus in time, objective, and animus. In essence, the court of appeals, in rendering its decision, focused solely on the second prong of the *Mitchell* test. In so doing, it erred.

Because the offenses at issue herein do not satisfy the first step of analysis in *Mitchell* (*i.e.*, the offenses are not allied offenses), there is no need to address the second prong of the *Mitchell* analysis as to whether the offenses were committed with a separate animus. The language in *Mitchell* makes this clear by providing that "[i]n the event that the court finds the offenses being compared are allied offenses of similar import, it must proceed to the second step of analysis" (which deals with one's animus). The majority of the court of appeals thus erred in focusing and relying solely on appellee's animus.

This court thus holds that pursuant to R.C. 2941.25, the offenses of breaking and entering, grand theft, and possessing criminal tools are not allied offenses of similar import inasmuch as these offenses have elements which do not correspond to such a degree that the commission of one offense will result in the commission of the other. Accordingly, inquiry into whether the crimes were committed with separate animus as to each is unnecessary.

For the foregoing reasons, the judgment of the court of appeals is reversed, and the convictions and sentences for breaking and entering and for possessing criminal tools are hereby reinstated.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.