## State
## v.
## Jaeger
*[Cite as 5 AOA 81]*

*Case No. CA-8110*
*Stark County, (5th)*
*Decided July 23, 1990*

*Robert Horowitz, Prosecuting Attorney, Stark County, Ohio, for Plaintiff-Appellee.*

*Ronald Mark Caldwell, Trial & Appellate Counsel, Criminal Division, P.O. Box 20049, Canton, OH 44701, for Plaintiff-Appellee.*

*Ronald C. Pleis, 1307 Market Avenue North, Canton, OH 44714, for Defendant-Appellant.*

HOFFMAN, J.

Defendant-appellant George P. Jaeger was charged with one count each of breaking and entering, possessing criminal tools and escape following his arrest at a retail establishment known as Big Lots in Canton.

After a jury trial in the Court of Common Pleas of Stark County, appellant was found guilty and convicted. His sentence was three consecutive definite terms of one and a half years. Jaeger appeals his conviction and sen-

tence, raising the following two assignments of error:

*"ASSIGNMENT OF ERROR I.*
THE TRIAL JUDGE ERRED IN HIS CHARGE TO THE JURY BY OVERRULING DEFENDANT-APPELLANTS' (SIC) TIMELY REQUEST THAT THE JURY CONSIDER THE OFFENSE OF RESISTING ARREST, R.C. SECTION 2921.33, AS A LESSER INCLUDED OFFENSE OF ESCAPE.
*"ASSIGNMENT OF ERROR II.*
OHIO REVISED CODE SECTION 2923.24, (POSSESSING CRIMINAL TOOLS), WAS UNCONSTITUTIONALLY APPLIED TO DISPROPORTIONATELY ENHANCE APPELLANT'S SENTENCE FOR BREAKING AND ENTERING
(R.C. SECTION 2911.13)."

I.

Under this first claim, appellant contends the trial court erred when it refused to include a lesser-included offense instruction in its charge to the jury. Appellant requested the court charge the jury on the lesser offense of resisting arrest, as opposed to only charging on escape. Resisting arrest is a fourth degree felony (R.C. 2921.34(C)), while resisting arrest is a second degree misdemeanor (R.C. 2921.33(B).

The tripartite test involving lesser-included offense stands as follows:

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Kidder* [1987], 32 Ohio St. 3d 279, 513 N.E. 2d 311, modified. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E. 2d 294, paragraph three of the syllabus."

The elements of the test are independent and in the conjunctive; all must be separately satisfied.

As pointed out by appellee State of Ohio, the first element is clearly met. However, appellant cannot meet the second requirement i.e., committing the greater offense of escape always and necessarily includes that of resisting arrest. See *State v. Thomas* (1988), 40 Ohio St.3d 213, at 215. The offense of resisting arrest is not a lesser-included offense of escape as statutorily defined. The trial court ruled correctly in not charging the jury as requested by appellant. We need not consider the separate analysis of whether the evidence adduced at trial would reasonably support an acquittal on the crime charged (escape) and a conviction on the lesser offense (resisting arrest). Upon the authority of *Kidder,* specifically that resisting arrest is not facially a lesser included offense of the crime of escape, this first assignment of error is overruled.

II.

Appellant raises claim of error regarding the charge of possessing criminal tools "in addition" to breaking and entering. Although appellant does not cite the statute, his argument is essentially that the two offenses are allied offenses of similar import and that he should not be convicted of both as a matter of law. R.C. 2941.25 Multiple Counts. This argument is not well taken. The commission of either breaking and entering or possessing criminal tools does not result in the commission of the other offense. They are dissimilar. The Supreme Court of Ohio has ruled explicitly that these two crimes are not allied offenses similar import. *State v. Talley* (1985), 18 Ohio St.3d 152.

This second assignment of error is overruled.

Having overruled both of appellant's assignments of error, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.

PUTMAN, P.J., and GWIN, J. concur.