Appellant Michael Corley is appealing his conviction, in the Stark County Court of Common Pleas, for three counts of receiving stolen property and one count of possession of criminal tools. The following facts give rise to this appeal.
The Stark County Grand Jury indicted appellant on April 13, 1998, on the above charges, following a crime spree in which appellant stole a Macintosh laptop computer and printer, a 1991 Pontiac Grand Am, and a 1985 Olds Ciera. Appellant appeared before the trial court and entered a plea of not guilty.
Thereafter, appellant's trial commenced on May 27, 1998. Following deliberations, the jury found appellant guilty, as charged in the indictment, on May 28, 1998. The trial court sentenced appellant to serve two eighteen-month terms on counts one and two of receiving stolen property, a twelve-month term on count three of receiving stolen property, and a twelve-month term on count four of possessing criminal tools. The trial court ordered the sentences to be served consecutively.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE COUNTS OF INCARCERATION, IN VIOLATION OF O.R.C. 2941.25.
 III. THE STATE OF OHIO'S CONDUCT DURING TRIAL CONSTITUTES PROSECUTORIAL MISCONDUCT.
 IV. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 V. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
Appellant contends, in his First Assignment of Error, the evidence presented at trial was insufficient to support his conviction and the jury's verdict is against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's First Assignment of Error.
In support of this assignment of error, appellant alleges the evidence was insufficient to link him to the criminal conduct, to prove venue, and to prove the value of the computer. We find, upon review of the record, the testimonial evidence and direct physical evidence was sufficient to convince the jury beyond a reasonable doubt that appellant knew or had reasonable cause to believe that he was in possession of property that had been obtained through the commission of a theft offense and that appellant purposely possessed a criminal tool with the purpose to use it criminally in the commission of a felony.
The testimony of Janet Brunecz, Detective James Sells, Michael Popa, Lori Nichols, Angela Grant, Rita Flinn, and Officer Swank was all consistent and corroborated each other's testimony. Only appellant's testimony, regarding the incidents, differed. The testimony of Officer Swank directly linked appellant to all three incidents. Officer Swank testified that he saw appellant in the Grand Am and Olds Ciera. Tr. Vol. I at 132, 140-141. The police inspected both vehicles immediately after appellant was seen in them and both had their steering columns punched out or peeled away. Tr. Vol. I at 135, 139. Further, Mike Popa and Lori Nichols testified that they saw appellant in possession of the computer attempting to sell it. Tr. Vol. I at 98, 111.
As to appellant's claim concerning the value of the computer, R.C. 2913.61 governs the determination of the value of stolen property and provides, in pertinent part:
 When a person is charged with a theft offense involving property or services valued at five hundred dollars or more, and less than five thousand dollars, * * * the jury or court trying the accused shall determine the value of the property or services as of the time of the offense and, if a guilty verdict is returned, shall return the finding of value as part of the verdict. In any case in which the jury or court determines that the value of the property or services at the time of the offense was five hundred dollars or more, it is unnecessary to find and return the exact value, and it is sufficient if the finding and return is to the effect that the value of the property or services involved was, five hundred dollars or more and less than five thousand dollars, * * *.
In determining the value of the property, the trier of fact is to use the fair market value of the property.[1] R.C.2913.61(D)(3). In the case sub judice, the state presented evidence that established the fair market value of the computer was at least $500. Mike Popa testified that he priced laptop computers and valued the stolen computer and accessories around $5,000. Tr. Vol. I at 97. Janet Brunecz testified the computer was purchased, one year prior to the theft, for approximately $3,000. Tr. Vol. I at 81. Clearly, sufficient evidence was presented to establish the value of the computer was at least $500.
Appellant also argues the evidence was insufficient to establish venue. Venue is not a material element of the offense, however, it is a fact which must be proven in criminal prosecutions unless it is waived by the defendant. State v.Draggo (1981), 65 Ohio St.2d 88, 90. It is not required that venue be proved in express terms so long as it is established by all the facts and circumstances, in the case, beyond a reasonable doubt. State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus. R.C. 2901.12 governs venue in criminal prosecutions and provides:
 (C) When the offense involved the unlawful taking or receiving of property or the unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which the property or victim was taken, received, or enticed.
We find appellant was properly prosecuted in Stark County because in each of the charged offenses, appellant was in possession of the stolen property in Stark County.
Based on the above testimony, we find appellant's conviction is supported by the sufficiency of the evidence. We further find nothing in the record indicates the jury lost its way when it found appellant guilty of three counts of receiving stolen property and one count of possessing criminal tools.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in sentencing him to consecutive counts of incarceration in violation of R.C. 2941.25. We disagree.
Specifically, appellant argues that one of the fourth degree felony convictions for receiving stolen property and the conviction for possessing criminal tools arose out of the same course of conduct, and thus, the sentences should merge. R.C.2941.25 addresses this issue and provides, as follows:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
Interpreting this statute, the Ohio Supreme Court held inNewark v. Vazirani (1990), 48 Ohio St.3d 81 that a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. Newark at syllabus. In the first step, the elements of the two crimes are compared.Id. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. Id.
In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. Id. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.Id. See also, State v. Blankenship (1988), 38 Ohio St.3d 116,117.
The Ohio Supreme Court applied this test to similar offenses in the case of State v. Talley (1985), 18 Ohio St.3d 152. InTalley, the Court held that "the offenses of breaking and entering, grand theft, and possession criminal tools are not allied offenses of similar import inasmuch as these offenses have elements which do not correspond to such a degree that the commission of one offense will result in the commission of the other. * * *" Id. at paragraph one of the syllabus. This court reached a similar conclusion in the case of State v. Jaeger
(July 23, 1990), Stark App. No. CA-8110, unreported, wherein we held the commission of either breaking and entering or possessing criminal tools does not result in the commission of the other offense.
In the matter presently before the court, we do not find the offenses of receiving stolen property and possession of criminal tools are allied offenses of similar import. The elements of the criminal offense of receiving stolen property, as stated in R.C. 2913.51(A), are "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The elements of the criminal offense of possessing criminal tools, as stated in R.C. 2923.24(A), are "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." These two offenses have elements which do not correspond to such a degree that the commission of one offense will result in the commission of the other.
Appellant's Second Assignment of Error is overruled.
 III
Appellant maintains, in his Third Assignment of Error, the state's conduct, during the trial, constituted prosecutorial misconduct. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1991), 51 Ohio St.3d 160, 165, certiorari denied112 L.E.2d 596. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24.
Appellant argues that starting with the state's opening statement and continuing through closing argument, the prosecutor engaged in a course of conduct that was unprofessional and inappropriate in a criminal proceeding. However, appellant only cites to one alleged incident of misconduct, in the transcript, to support this claim. This alleged misconduct occurred at page 174 of the transcript wherein the prosecutor stated: "And then you went to the penitentiary?" Reading this statement, in context, it is clear the prosecutor was establishing dates. Appellant previously acknowledged, on page 173 of the transcript, that in case number 1996-CR-1173, he was sentenced to the penitentiary. We find the prosecutor was merely confirming when appellant was sentenced to the penitentiary.
Further, because defense counsel did not object to the prosecutor's statement, we must analyze this assignment of error under a plain error analysis. Crim.R. 52(B) provides:
 (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993), 67 Ohio St.3d 424,437; State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
We do not find the prosecutor committed misconduct when he asked appellant the question regarding the penitentiary. Therefore, the question did not constitute plain error.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant sets forth a claim for ineffective assistance of counsel. Appellant argues defense counsel was ineffective because he failed to object to the prosecutor's question regarding the penitentiary, failed to draw the trial court's attention to the alleged deficiency of evidence regarding venue, and failed to request merger of the appropriate counts in the indictment. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of Statev. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
We previously addressed the merger issue, the prosecutor's statement concerning the penitentiary and the issue of venue. Having found no error with these issues, we find these cannot be the basis for a claim of ineffective assistance of counsel.
Appellant's Fourth Assignment of Error is overruled.
 V
In his final assignment of error, appellant maintains there are errors which are apparent on the record but not raised in his brief. We disagree.
Appellant cites to the case of Anders v. California (1966),386 U.S. 738. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court by letter without filing any motion or brief on behalf of his client.
The matter currently before the court is distinguishable fromAnders in that appellant's appellate counsel filed a brief and in fact assigned four other errors for review. An Anders' claim under this assignment of error has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's conviction or sentence.
Appellant's Fifth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J., and Edwards, J., concur.
--------------------------
--------------------------
 -------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
--------------------------
--------------------------
--------------------------
JUDGES
[1] " '[F]air market value' is the money consideration that a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act." R.C. 2913.61(D)(3).