[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
As part of a plea bargain, defendant-appellant, Trenton Pope, pleaded guilty to two counts of kidnapping pursuant to R.C. 2905.01(A)(2) and two counts of aggravated robbery pursuant to R.C. 2911.01(A)(1), each with accompanying firearm specifications. The court accepted the plea and dismissed the remaining counts and specifications in the eleven-count indictment against Pope. The court sentenced him to serve eight years' incarceration on each of the kidnapping counts, to run concurrent with each other. The court also sentenced him to serve ten years' incarceration on each of the aggravated robbery counts, to run consecutive to each other and to the sentences on the kidnapping counts. Including the sentences on the firearm specifications, Pope received a total sentence of thirty-one years. In his first assignment of error, Pope argues that the trial court erred by imposing the maximum sentence on each count and by ordering three of the four sentences to run consecutively. R.C.2929.19(B)(2)(c) and 2929.19(B)(2)(e) require the court to state its reasons for imposing the maximum sentence for the offense of the highest degree if the sentence is for two or more offenses arising out of a single incident, or for imposing consecutive terms. See State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329,715 N.E.2d 131, 135. However, these statutes do not "require talismanic words from the sentencing court" as long as the reasons for the sentence are apparent from the record. State v.Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported. An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the evidence or is contrary to law. R.C. 2953.03(G)(1)(a) and (d); State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
Pursuant to R.C. 2929.14(A)(C), the court may impose the maximum sentence if it makes a specific finding that the offender committed "the worst form of the offense" or that the offender poses "the greatest likelihood of committing future crimes." Edmonson, supra, at 328, 715 N.E.2d at 135; Napier,supra. Here, the trial court made both findings, citing the nature and circumstances of the offenses, including the use of a sawed-off shotgun, the psychological harm inflicted upon the victims, Pope's lengthy criminal history and the fact that he was under community control at the time of the offenses. Under the circumstances, we cannot say that these findings were not supported by clear and convincing evidence or that they were contrary to law.
As to the trial court's decision to impose consecutive sentences, its comments make clear that the court found that consecutive sentences were necessary to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public, as required by R.C. 2929.14(E)(4). Further, the court specifically found as required by R.C. 2929.14(E)(4)(a) and (c) that (1) Pope was under a type of court control when he committed the offenses, and (2) his criminal history required consecutive sentences to protect the public from future crime. We cannot say that these findings were not supported by clear and convincing evidence or that that they were contrary to law. See State v.Davenport (July 30, 1999), Hamilton App. No. C-980516, unreported. Accordingly, we overrule Pope's first assignment of error.
In his second assignment of error, Pope contends that the trial court erred in convicting him of both kidnapping and aggravated robbery, because they were allied offenses of similar import committed with the same animus. In resolving this claim, we apply a two-part test. The first step requires a comparison of the elements of the charged offenses. "Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other." State v. Mitchell (1983), 6 Ohio St.3d 416, 418,453 N.E.2d 593, 594. The Ohio Supreme Court has recently held that the elements of the offenses must be compared in the abstract.State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus.
As charged in the indictment, aggravated robbery pursuant to R.C. 4511.19(A)(1) required proof that Pope, while committing or attempting to commit a theft offense or in fleeing immediately thereafter, had a deadly weapon under his control and displayed, brandished or used it. Kidnapping pursuant to R.C.2905.01(A)(2) required proof that Pope, by threat, force or deception, restrained the liberty of another to facilitate the commission of a felony. Comparing the elements of these offenses in the abstract, we hold that each offense required proof of an element that the other did not, and therefore, that they were not allied offenses of similar import. See State v. Woodruff (Dec. 14, 1994), Hamilton App. Nos. C-940191 and C-940244, unreported. Consequently, our inquiry is at an end and we need not reach the second step of the analysis and determine whether the offenses were committed with a separate animus. Rance, supra, at 636,710 N.E.2d at 703; State v. Talley (1985), 18 Ohio St.3d 152,480 N.E.2d 439, syllabus. Accordingly, the trial court did not err in sentencing Pope for both aggravated robbery and kidnapping, and we overrule his second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.