JOURNAL ENTRY AND OPINION
Appellant Lakiesha Phillips appeals from the trial court's judgment finding her guilty of multiple criminal offenses. Phillips assigns the following as error for our review:
 I. THE TRIAL COURT ERRED BY FAILING TO DISMISS COUNTS SEVEN THROUGH TEN OF THE INDICTMENT AS THE COUNTS WERE BARRED BY R.C. S2925.50.
 II. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION OF TAMPERING WITH EVIDENCE IN VIOLATION OF R.C. 2921.12.
 III. THE COURT ERRED WHEN IT SENTENCED THE DEFENDANT TO AN ADDITIONAL TEN YEARS FOR A MAJOR DRUG OFFENDER SPECIFICATION ON ONE COUNT OF THE INDICTMENT.
 IV. THE OFFENSES OF RETALIATION IN VIOLATION OF R.C. S [SIC] AND FELONIOUS ASSAULT R.C. S2903.11 ARE ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. S2941.25.
 V. THE TRIAL COURT ERRED BY PROVIDING THE MAXIMUM SENTENCE FOR THE OFFENSE OF ENGAGING IN A CORRUPT ACTIVITY PURSUANT TO R.C. S2923.32 AND DRUG TRAFFICKING PURSUANT TO R.C. S2925.11.
Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
Phillips's involvement in Jermaine Levy's drug organization included helping couriers fly with extraordinary amounts of cash to source cities and return with large amounts of cocaine. The organization distributed millions of dollars of cocaine to various drug traffickers in Cleveland.
On November 18, 1998, the federal government indicted Jermaine Levy and Phillips for Distribution of a Controlled Substance in violation of21 U.S.C. § 841 and Conspiracy to Possess Cocaine with Intent to Distribute in violation of 21 U.S.C. § 846. The government secured this indictment with the help of grand jury testimony by Raycine Smith, a former courier in Levy's drug activity. On March 3, 1999, Jermaine Levy and Phillips pleaded guilty to the federal conspiracy charge and were sentenced to terms of incarceration to begin on July 9, 1999.
On July 7, 1999, Raycine Smith was working at Pearl's Hair Connection in East Cleveland. Mario Levy, Jermaine's cousin by birth and brother by adoption, entered Pearl's and splashed a cup of sulfuric acid on Smith's face. The resulting severe chemical burns destroyed one of Smith's eyes and melted away skin and hair from her face, head, neck, and torso. The attack was a reprisal for Smith's testimony in the federal case.
On the day of the attack, Jermaine Levy, and Mario Levy bought sulfuric acid in the form of a concentrated drain cleaner and then went to the home of Buster Young III. There, Young watched as Jermaine and Mario poured some acid on a neighbor's lawn and laughed at the way it burned the grass.
At Jermaine's request, Phillips met Jermaine, Mario, and Young on Terrace Avenue and arranged for the attack. According to the plan, Mario attacked Smith at Pearl's, then drove away a short distance with Young in Young's burgundy pick-up truck. In order to deceive anyone looking for two men in a burgundy pick-up truck, Mario and Young switched into Phillip's car and Phillips drove Young's vehicle. They all met again at Phillips' home.
During the attack, some sulfuric acid splashed back at Mario and burned his tee-shirt and arm. At Phillips' home, he removed his shirt and showered. After showering, Mario did not wear his shirt. He then met Jermaine, Phillips, and Young at the house of Bernadine Salter, a former drug courier. Mario arrived at Salter's without wearing a shirt.
On July 9, 1999, Jermaine Phillips reported to federal prison as ordered. On July 21, 1999, the FBI searched Phillips' house but did not find Mario's acid-stained shirt. The authorities found Phillips' car at her father's house. In the trunk of the car, they found an acid-stained floor mat, an unopened bottle of sulfuric acid drain cleaner, and Mario's shirt.
On April 17, 2000, a Cuyahoga County Grand Jury returned a fifteen-count indictment against Phillips. The charges relevant to this appeal are Engaging in a Pattern of Corrupt Activity in violation of R.C.2923.32 (count one), Funding of Drug Trafficking in violation of R.C.2925.05 (counts seven and nine), Conspiracy to Commit Funding of Drug Trafficking in violation of R.C. 2923.01 and R.C. 2925.05 (counts eight and ten), Felonious Assault in violation of R.C. 2903.11 (count thirteen), Retaliation in violation of R.C. 2921.05 (count fourteen), and Tampering with Evidence in violation of R.C. 292.12 (count fifteen). Count one encompassed several crimes including at least one first degree felony. Further, counts seven and nine each contained a Major Drug Offender specification under R.C. 2941.1410.
Phillips waived her right to a jury trial, and on December 12, 2000, the trial judge found Phillips guilty on all above-referenced charges. The judge merged counts seven and nine into counts eight and ten, and sentenced Phillips to twenty years under count one, ten years under the merged counts seven and eight, ten years under the merged counts nine and ten, eight years under count thirteen, five years under count fourteen, and five years under count fifteen. Excepting court fourteen, the judge ran all sentences consecutively to each other and to Phillips' federal sentence.
This appeal followed.
In her first assigned error, Phillips asserts R.C. 2925.50 required the trial court to dismiss counts seven through ten of the indictment. Phillips asserts the charges contained in counts seven and nine, funding of drug trafficking, and in counts eight and ten, conspiracy to commit drug trafficking, are duplicative to the federal offense, conspiracy to possess cocaine with the intent to distribute under 21 U.S.C. § 846
and 841, to which Phillips previously pled guilty. We disagree.
R.C. 2925.50 provides:
 If a violation of this chapter is a violation of the federal drug abuse control laws, as defined in section 3719.01 of the Revised Code, a conviction or acquittal under the federal drug abuse control laws for the same act is a bar to prosecution in this state.
 21 U.S.C. § 846 provides:
 Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
The offense defined in Title 21 which Phillips conspired to commit is found in Section 846. It reads as follows:
 (a) Unlawful acts. Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally —
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
* * *
In State v. Brooks,[1] this court considered how R.C. 2925.50
applied when the defendant pled guilty to violating 21 U.S.C. § 846
and then pled guilty to violating R.C. 2925.03(A)(8), the precursor to R.C. 2925.051. In Brooks, we held:
 Reviewing the elements of the defendant's convictions in federal court to those offenses in state court, we conclude that the offenses to which Brooks pled guilty in the federal case do not have the identical statutory elements as the two state indictments. Nor would the government, in establishing the elements of the state charges, prove conduct constituting the federal prosecution.
* * *.
 Accordingly, R.C. 2925.50 would not act as a bar to the state prosecution.
Consistent with our holding in Brooks, we determine the elements of21 U.S.C. § 846 are not identical to the elements contained within counts seven through ten of the Cuyahoga County indictment, and in establishing the elements of those charged offenses, the State would not prove conduct constituting the federal prosecution. Accordingly, Phillips' first assigned error is without merit.
In her second assigned error, Phillips asserts the prosecution failed to present evidence sufficient to sustain a conviction of R.C. 2921.12. We disagree.
A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[2] On review for legal sufficiency, our function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[3] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[4]
R.C. 2921.12 provides:
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
* * *
The State sought a conviction for tampering with evidence on grounds that Phillips' car which Levy and Young used after the acid attack was found at Phillips' father's house; a bottle of sulfuric acid and the acid-stained floor mats were found concealed in the truck of Phillips' car; and Levy's acid-stained shirt was removed from Phillips' house where Levy had left it after the attack.
The record reveals the trial court heard the following evidence. Acid splattered on Mario's white shirt during the attack on Smith. After the attack, Mario removed that shirt and showered at Phillips' house. He then wrapped himself in a towel and did not wear the shirt again. The authorities found Phillips' car, which was used as the getaway car, at her father's house. Concealed in the car's truck, the authorities found the shirt Mario wore during the attack, an unopened bottle of sulfuric acid, and an acid stained floor mat.
Although the State did not present evidence as to how the items were placed in Phillips' car or how the car arrived at her father's house, the evidence presented, viewed most strongly in favor of the prosecution, is sufficient to affirm a conviction under R.C. 2921.12. The evidence presented by the State shows the car and the items found in the car bore evidentiary value, Phillips had dominion over the car and the items immediately following the attack, and the items were concealed in the trunk of the car, and the car and its contents were removed to a location designed to impair availability of the car and the concealed items. Further, the evidence shows Phillips knew an investigation was, or soon would be, underway. Accordingly, Phillips' second assigned error is without merit.
In her third assigned error, Phillips asserts the trial court erred by sentencing her to an additional ten-year term of imprisonment pursuant to R.C. 2929.14 for her violation of engaging in a pattern of corrupt activity under R.C. 2923.32. We disagree.
R.C. 2929.14(D)(3) provides:
 (a) * * * if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree, * * * the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.
 (b) The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section, makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section. [Emphasis added].
Thus, R.C. 2929.14(D)(3)(a) and (b) permit up to two ten-year terms of imprisonment.
As charged in count one of the indictment, the trial court found Phillips guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree. Therefore, the first ten-year term of imprisonment assigned by the trial court comports with R.C. 2929.14(D)(3)(a).
In order to justly impose the second ten-year term of imprisonment, the trial court must have made findings under R.C. 2929.14 (D)(2)(b)(i) and (ii). As stated in those sections, the required findings are as follows:
 (i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12
of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 (ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.
After attributing Phillips' behavior to applicable factors in R.C.2929.12, the court stated:
 * * *. I am going to make both of those findings that, number one, the terms so imposed are adequate [sic] to punish the offender and to protect the public from future crime, and in addition to that, that the applicable factors I have just gone through under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 And in addition to that, under subsection (2) that the terms so imposed are demeaning to the seriousness of the offense because one or more of the factors under section 2929.12 of the Ohio Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present and that they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than the conduct normally constituting the offense.
* * *
Thus, it is entirely clear from the record that the trial court properly sentenced Phillips to one mandatory ten-year term of imprisonment because her violation of R.C. 2923.32 included a felony of the first degree, and an additional ten years imprisonment in compliance with R.C.2929.14(D)(3)(b). Accordingly, Phillips' third assigned error is without merit.
In her fourth assigned error, Phillips asserts the trial court erred in not considering violations of retaliation under R.C. 2921.05 and felonious assault under R.C. 2903.11 allied offenses pursuant to R.C.2941.25. We disagree.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Blankenship,[5] the court set forth a two-part test to determine whether crimes charged are allied offenses of similar import:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds that either the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.[6]
Because we found no case law in Ohio determinative of whether retaliation and felonious assault are allied offenses, we frame this assigned error as one of first impression and proceed with the analysis set forth in Blankenship.
Under the first step, we compare the elements of the applicable offenses. Retaliation is codified under R.C. 2921.05 which provides:
 (A) No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness.
* * *
Felonious assault is codified under R.C. 2903.11 which provides:
 (A) No person shall knowingly do either of the following:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
* * *
 (D) Whoever violates this section is guilty of felonious assault, a felony of the second degree.
* * *.
* * *
According to Blankenship, our threshold query is whether the elements of retaliation and felonious assault correspond to such a degree that the commission of one crime would result in the commission of the other crime. We discover that Phillips' argument fails to pass this threshold.
Regardless of whether we make our determination based upon an abstract comparison of the implicated statutes,[7] or a specific review and comparison of the facts of this case as they apply to the statutes, we conclude retaliation and felonious assault are not allied offenses. As the State plainly argued in its appellate brief, one may commit a felonious assault without the animus to retaliate against the victim; and one may retaliate without causing or attempting to cause serious physical harm as required by felonious assault. Thus, without the need to consider Blankenship's second step, we determine retaliation and felonious assault are not allied offenses. Accordingly, Phillips' fourth assigned error is without merit.
In her fifth assigned error, Phillips asserts the trial court erred by imposing maximum terms of imprisonment for violations of count one, engaging in a pattern of corrupt activity under R.C. 2923.32, and count seven and nine, funding of drug trafficking under R.C. 2925.05.[8] We disagree.
As discussed in Phillips' third assigned error, the trial court did not err in sentencing her to two ten-year terms of imprisonment which were the maximum allowed under Ohio's sentencing laws. Thus, we are left to consider whether the trial court erred in imposing the maximum sentences for violations of funding of drug trafficking under R.C. 2925.05.
R.C. 2925.05(C)(1) states:
 (C)(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, whoever violates division (A) of this section is guilty of aggravated funding of drug trafficking, a felony of the first degree, and, subject to division (E) of this section, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.
Before proceeding to division (E), we recall Phillips violated division (A) of R.C. 2925.05, and such violation involved cocaine, a schedule II drug. Accordingly, we now proceed to division (E) of R.C. 2925.05 which provides:
* * *
 Notwithstanding the prison term otherwise authorized or required for the offense under division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code, if the violation of division (A) of this section involves the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana, and if the court imposing sentence upon the offender finds that the offender as a result of the violation is a major drug offender and is guilty of a [major drug offender] specification of the type described in section 2941.1410 [2941.14.10] of the Revised Code, the court, in lieu of the prison term otherwise authorized or required, shall impose upon the offender the mandatory prison term specified in division (D)(3)(a) of section 2929.14 of the Revised Code and may impose an additional prison term under division (D)(3)(b) of that section. [Emphasis added].
Again, we pause to recall that the court properly found on the record that Phillips, as a result of each violation of R.C. 2925.05(A), was guilty of a major drug offender specification. Therefore, the court was required to impose upon Phillips the mandatory prison term specified in R.C. 2929.14(D)(3)(a). Pertinent to Phillips' fifth assigned error, R.C.2929.14(D)(3)(a) states:
 if the offender commits a felony violation of section * * *, 2925.05, * * * of the Revised Code that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana, and the court imposing sentence upon the offender finds that the offender is guilty of a specification of the type described in section 2941.1410 [2941.14.10] of the Revised Code charging that the offender is a major drug offender, or if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree * * *, the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code. [Emphasis added].
Therefore, because the trial court found each of Phillips' violations of R.C. 2925.05(A) involved cocaine, a schedule II drug, and because the court found each violation resulted in her being guilty of a major drug offender specification, the trial court did not err in sentencing Phillips to ten years on each violation of R.C. 2925.05. Accordingly, Phillips' fifth assigned error is without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] 1994 Ohio App. LEXIS 3209 (July 21, 1994), Cuyahoga App. No. 65776.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
[3] Thompkins, supra; State. v. Fryer (1993), 90 Ohio App.3d 37,43, 627 N.E.2d 1065, 1069.
[4] Fryer, supra at 43.
[5] (1988), 38 Ohio St.3d 116, 526 N.E.2d 816.
[6] Id., citing State v. Mughni (1987), 33 Ohio St.3d 65, 67,514 N.E.2d 870, 872, State v. Talley (1985), 18 Ohio St.3d 152, 153-154,480 N.E.2d 439, 441, State v. Mitchell (1983), 6 Ohio St.3d 416, 418,453 N.E.2d 593, 594, State v. Logan (1979), 60 Ohio St.2d 126, 128,397 N.E.2d 1345, 1348. Emphasis in original.
[7] The State asks us to pursue this means of analysis. In support, the State cites State v. Rance (1999), 85 Ohio St.3d 632 wherein the supreme court wrote, we today clarify that under an R.C. 2941.25(A) analysis the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract and language in other opinions to the contrary, are overruled. Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." Citations omitted.
[8] In Phillips' appellate brief, the fifth assigned error refers to Drug Trafficking pursuant to R.C. 2925.11. However, the crime of drug trafficking is codified at R.C. 2925.05, while 2925.11 speaks to possession of drugs. Count six of Phillips' indictment alleges one count of possession of drugs. Counts seven and eight allege funding of drug or marihuana trafficking. Because the prosecution dropped count six, Phillips' fifth assigned error can only refer to counts seven and eight for which the trial court imposed one ten-year sentence each.