THE STATE OF OHIO, APPELLEE, *v.* MITCHELL, APPELLANT.

[Cite as State *v.* Mitchell (1983), 6 Ohio St. 3d 416.]

(No. 82-572—Decided August 31, 1983.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Ms. Janna L. Heltman,* for appellee.

*Mr. Robert R. Hastings, Jr.,* for appellant.

J. P. CELEBREZZE, J.  In a challenge predicated upon R.C. 2941.25, appellant contends that aggravated burglary and theft are allied offenses of similar import and that an accused may not be convicted of both where they arise out of a single incident. On this basis, appellant urges this court to set aside his two convictions for theft.

The authority relied upon by appellant, R.C. 2941.25, is Ohio's codification of the judicial doctrine of merger. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262]. That statute provides as follows:

"(A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B)   Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In applying this statute, the courts have employed a two-step analysis described in *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373]. The first step requires a comparison of the elements with which the defendant is charged. Allied offenses of similar import are those offenses whose elements correspond to such a degree that the commission of one offense will result in the commission of the other. *Id.* at 128. An illustration of this principle is rape, as defined by R.C. 2907.02(A)(1), and kidnapping, as defined by R.C. 2905.01(A)(4). A comparison of the elements of these two offenses reveals such a singularity of purpose and conduct that kidnapping may be said to be implicit within every forcible rape. *State* v. *Price* (1979), 60 Ohio St. 2d 136 [14 O.O.3d 379]; *State* v. *Logan, supra; State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242].

In the event that the court finds the offenses being compared are allied offenses of similar import, it must proceed to the second step of analysis which is indicated under R.C. 2941.25(B). This level of inquiry involves a review of the defendant's conduct for a determination as to whether the offenses were committed separately or with a separate animus as to each. If the offenses were so committed, the defendant may be convicted of them all.

In the case at hand, appellant was indicted for the offenses of aggravated burglary and theft. "Aggravated burglary" is defined in R.C. 2911.11 which provides in relevant part:

"(A)   No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1)   The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2)   The offender has a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

"(3)   The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

"Theft" was defined in R.C. 2913.02 as follows:

"(A)   No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1)   Without the consent of the owner or person authorized to give consent;

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

"(3) By deception;

"(4) By threat."

It is apparent that these two offenses do have some common elements in that aggravated burglary may, as in this case, involve the purpose to commit a theft offense. It is noteworthy, however, that completion of the theft offense is not necessary and that the purpose to commit any felony will suffice to supply the requisite intent.

The most telling distinction, however, is the one expressed by the General Assembly in its definition of these two offenses. R.C. 2913.02 is geared toward prohibiting the nonconsensual taking of property by whatever means. Conversely, as is indicated by the Committee Comment to R.C. 2911.11, the main factor delineating the various species of breaking and entering is the relative risk of harm to persons. Aggravated burglary ·is classified as the most serious of these offenses precisely because it carries the greatest potential threat that an individual might be harmed. Unlike the offense of theft, it involves inflicting or attempting or threatening to inflict harm on another, the use of a deadly weapon or dangerous ordnance, or the intrusion into a permanent or temporary habitation of a person at a time in which any person is present or likely to be present.

In light of these facts, it is quite clear that the General Assembly intended to distinguish aggravated burglary and theft and make them separately punishable. Accordingly, we find that the elements of aggravated burglary, R.C. 2911.11(A), and theft, R.C. 2913.02(A), do not correspond to such a degree as to constitute allied offenses of similar import under R.C. 2941.25(A).

Based upon the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.