THE STATE OF OHIO, APPELLEE, *v.* HINES, APPELLANT.

(No. CA 2301—Decided September 28, 1987.)

*Stephen A. Schumaker,* prosecuting attorney, and *David E. Smith,* for appellee.

*Gorman, Veskauf & Henson* and *Richard E. Mayhall,* for appellant.

WOLFF, J. Ronald Hines was found guilty by a Clark County common pleas court jury of aggravated robbery, having a weapon while under disability, and unlawful possession of a dangerous ordnance. The disability consisted of a 1982 robbery conviction in the Montgomery County Court of Common Pleas and the dangerous ordnance consisted of a sawed-off shotgun. Hines was also found guilty of the firearm specifications contained in the indictment alleging these three felonies. The court sentenced Hines to three years' actual incarceration for the firearm specifications, to be served consecutively with a fifteen-to-twenty-five-year sentence for aggravated robbery. The court also sentenced Hines to three to five years for having a weapon while under disability and three to five years for unlawful possession of a dangerous ordnance. The three indeterminate sentences were ordered to run concurrently.

Hines asserts a single assignment of error in his appeal from the judgment of the Clark County Court of Common Pleas:

"Because R.C. Sec. 2923.14 [*sic*] (Weapons Under Disability) and R.C. Sec. 2923.17 (Possession of a Dangerous Ordnance) are allied offenses of similar import and because the two offenses were not committed separately or with a separate animus, appellant's conviction on both charges was contrary to law."

This appeal involves the application of R.C. 2941.25(A) to the offenses of having a weapon while under disa-

bility, as defined by R.C. 2923.13, and unlawful possession of a dangerous ordnance, as defined by R.C. 2923.17.

In *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, at 418, 6 OBR 463, at 464, 453 N.E. 2d 593, at 594, it is stated about R.C. 2941.25:

"In applying this statute, the courts have employed a two-step analysis described in *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O. 3d 373]. The first step requires a comparison of the elements with which the defendant is charged. Allied offenses of similar import are those offenses whose elements correspond to such a degree that the commission of one offense will result in the commission of the other. *Id.* at 128."

R.C. 2923.13(A) provides:

"Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance * * *."

The various disabilities are described in R.C. 2923.13(A)(1) through (5).

R.C. 2923.17(A) states:

"No person shall knowingly acquire, have, carry, or use any dangerous ordnance."

"Dangerous ordnance" includes any "sawed-off firearm." R.C. 2923.11(J)(1).

We conclude that the elements of having a weapon while under disability and unlawful possession of a dangerous ordnance do not correspond to such a degree that the commission of one offense will result in the commission of the other. *Mitchell, supra.*

Facts establishing possession of a dangerous ordnance will not establish having a weapon while under disability in the absence of proof of the additional element required for establishing having a weapon while under disability, *i.e.,* evidence of a disability as defined by R.C. 2923.13(A)(1) through (5).

Facts establishing having a weapon while under disability will not necessarily establish unlawful possession of a dangerous ordnance because having a weapon while under disability can be established where any firearm or dangerous ordnance is involved, whereas unlawful possession of a dangerous ordnance is proved only by evidence of a dangerous ordnance. "Dangerous ordnance," as it pertains to firearms, is a subclass of "firearm."

Having determined that having a weapon while under disability and unlawful possession of a dangerous ordnance are not allied offenses of similar import, it is unnecessary to address Hines' contention that these offenses were not committed separately or with a separate animus. *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 18 OBR 210, 480 N.E. 2d 439.

The judgment of the Court of Common Pleas of Clark County will be affirmed.

*Judgment affirmed.*

BROGAN, J., concurs.

KERNS, P.J., dissents.

KERNS, P.J., dissenting. From the standpoint of criminal design and purpose, both of the crimes charged against the defendant involved a single animus and identical conduct, and the overlapping evidence shows that the same conduct by Hines could be construed "to constitute two or more allied offenses of similar import." R.C. 2941.25(A).

Under the facts of this case, the proof of one of the crimes (R.C. 2923.13) necessarily proved the other (R.C. 2923.17) and, in my opinion, both are offenses of similar import within the contemplation of R.C. 2941.25(A). Hence, I would sustain the alleged error.