DECISION AND JUDGMENT ENTRY
Maurice Richards appeals his conviction and sentence for two counts of kidnapping, in violation of R.C. 2905.01(A)(3), and two counts of felonious assault, in violation of R.C. 2903.11(A)(1) entered by the Hocking County Court of Common Pleas. On appeal, Richards' appointed counsel advised the court that he reviewed the record and could discern no meritorious claims for appeal and moved to withdraw as counsel, pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
After independently reviewing the record, we agree because the record does not contain meritorious claims upon which Richards could prevail on appeal.
 I.
On July 26, 1999, Richards pled no contest to two counts of kidnapping and two counts of felonious assault, in exchange for the State dropping one charge of gross sexual imposition and one count of resisting arrest. The parties agreed that the state would submit the police reports from the investigation of this case and that the court could rely upon the police report when making a finding regarding Richards' guilt.
Prior to taking Richards' plea, the trial court ensured that Richards' plea was knowingly, voluntarily, and intelligently made by engaging in a dialogue with Richards as required by Crim.R. 11. Richards then pled no contest to the four charges.
The police reports indicated that the victims told the following account of their attack. Richards knew both victims, Charlene and Charles Johnson. While visiting the Johnson home, Richards started hitting their dog with Charles' cane. After Charles asked Richard to stop, Richards left the room with the cane. Upon his return, Richards struck Charles in the head with the cane, knocking him to the floor. Richards told Charles not to get up and kicked him in the ribs. Richards then ordered Charlene to lie on her stomach on the floor. When she told Richards that she was physically unable to lower herself to the floor, he struck her with the cane. With pieces of his torn t-shirt, Richards first tied Charles up and then bound Charlene's hands behind her back. Richards then drug Charlene to the bedroom where he attempted to sexually assault her. Once Richards left Charles alone, Charles loosened his hands enough to throw a planter through the large living room window. Richards heard the noise and left the bedroom to investigate. Upon seeing what Charles had done, Richards fled from the home.
The police reports indicate that a neighbor responded to the noise of the window breaking by calling the police. When he was apprehended by the police, Richards was not wearing a shirt and his pants were stained with blood.
After reviewing the police reports, the trial court found Richards guilty on all four counts. The trial court ordered a pre-sentence investigation report. Once the report was filed, the trial court held a sentencing hearing.
At the sentencing hearing, Richards' counsel spoke on his behalf. Richards and his victims declined to speak at the sentencing hearing. The trial court made the following findings prior to sentencing Richards: (1) consecutive sentences were necessary to protect the public from future crime and to punish the offender; (2) consecutive sentences were not disproportionate to the seriousness of the offender's conduct and danger the offender poses to the public, (3) the offender committed these multiple offenses while the offender was under post release control for a prior offense.
The trial court sentenced Richards to consecutive terms of eight and nine years on the kidnapping charges. The trial court also sentenced Richards to terms of six years on each of the assault charges to be served consecutive to each other, but concurrent to the kidnapping sentence.
Richards filed a pro se notice of appeal. The trial court appointed him new counsel for appeal. Richards' appellate counsel filed a motion to withdraw pursuant to Anders, supra. Richards has not filed a supplemental pro se brief although we successfully served the Anders brief on him and granted him thirty days to file the brief.
 II.
Upon receiving an Anders brief, we must "conduct `a full examination of all the proceedings to decide whether the case is wholly frivolous.'" Penson v. Ohio (1988), 488 U.S. 75, 80,109 S.Ct. 346, 102 L.Ed.2d 300, quoting Anders, 386 U.S. at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. Id.; see, also, State v. Kent, (Mar. 4, 1998), Jackson App. No. 96CA794, unreported; State v. Hart, (Dec. 23, 1997), Athens App. No. 97CA18, unreported. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. Anders, 386 U.S. at 744; Penson, 488 U.S. at 80; see,e.g., State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29, unreported. With the foregoing principles in mind, we turn our attention to the potential assignments of error counsel posited in the appellate brief and then to the record before us.
Appellate counsel presents the following "potential assignments of error" for our review:
 I. R.C. § 2941.25 REQUIRED MERGER OF THE SEPARATE COUNTS IN THE INDICTMENT FOR PURPOSES OF SENTENCING.
 II. R.C. § 2921.14(B) AND (E)(4) MANDATED MINIMUM AND/OR MERGED PENITENTIARY SENTENCES.
 III. THE EVIDENCE PRESENTED IN SUPPORT OF THE NO CONTEST PLEA WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING OF GUILTY AND THE VERDICT AND JUDGMENT OF CONVICTION THEREON WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III.
We first must determine whether the first potential assignment of error Richards advances is wholly frivolous. Richards argues that R.C. 2941.25 required merger of the separate counts of the indictment for purposes of sentencing. R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate ammus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
The Ohio Supreme Court has set forth a two-step test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. State v. Blankenship
(1988) 38 Ohio St.3d 116. In the first step, we compare the elements of the two crimes to determine whether they correspond to such a degree that the commission of one crime results in the commission of the other. If they do, the crimes are allied offenses of similar import and we must then proceed to the second step. In the second step, we review the defendant's conduct. If we find that the crimes were committed separately or that there was a separate ammus for each crime, then the defendant may be convicted of both offenses. Id.; State v. Mughni (1987), 33 Ohio St.3d 65,67; State v. Talley (1985), 18 Ohio St.3d 152, 153154;State v. Mitchell (1983), 6 Ohio St.3d 416, 418; State v. Logan
(1979), 60 Ohio St.2d 126, 128.
In the case at bar, appellant was convicted of kidnapping, R.C.2905.01(A)(3), and felonious assault, R.C. 2903.11(A)(1). Kidnapping requires proof that a defendant (1) knowingly, (2) by force, (3) restrained another of his or her liberty. See R.C.2905.01. To establish the offense of felonious assault there must be proof that a defendant (1) knowingly (2) caused serious physical harm to another. See R.C. 2903.11.
Comparing the elements of the two crimes, we find that the elements do not correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault. Blankenship at 118 ("A kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnapping. A person may seriously injure another without restraining the victim of his or her liberty"). Accordingly, kidnapping in violation of R.C. 2905.01(A)(3) and felonious assault in violation of R.C. 2903.11(A)(1) are not allied offenses of similar import.
When we compare the elements of the two kidnappings, we find that the elements are identical. Thus, we proceed to the second step and compare the kidnappings of both victims to determine if the offenses were committed separately or with a separate ammus as to each victim. See Mitchell, 6 Ohio St.3d at 418; State v.Gregory (1993) 90 Ohio App.3d 124, 128. We find that the two kidnapping charges were committed separately. Richards tied up each of the Johnsons. He also removed Charlene from the living room by dragging her after he had bound her hands. Each kidnapping was a distinct act and did not result in the kidnapping of the other victim.
Finally, we find that the elements of the two felonious assaults are identical. Thus, under step two, we again compare the felonious assaults of both victims to determine if the offenses were committed separately or with a separate animus as to each victim. Mitchell; Gregory. We find that the two felonious assault charges were committed separately. Richards struck Charles with a cane and kicked him in the ribs. He then struck Charlene with the cane. Each felonious assault was a distinct act and did not result in the assault of the other victim.
Thus, the trial court did not err by failing to merge the offenses for purposes of sentencing, and we find that an appeal based upon the merger issue would be wholly frivolous.
 IV.
In his second potential assignment of error, Richards argues that the trial court should have sentenced him to the minimum term of imprisonment pursuant to R.C. 2929.14(B) and should have sentenced him to concurrent terms of imprisonment pursuant to R.C. 2929.14(E)(4).
A trial court possesses discretion when determining an appropriate sentence, but must not disregard the statutory principles, procedures, presumptions, and factors. R.C.2929.12(A); State v. Persons, (Apr. 26, 1999), Washington App. No. 98CA19, unreported; State v. McConnaughey, (Mar. 4, 1998), Athens App. No. 97CA39, unreported. Our review of a trial court's decision regarding sentencing is no longer conducted solely pursuant to the traditional "abuse of discretion" standard.Persons. A sentencing court abuses its discretion when the court fails to appropriately consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C.2929.11 et seq. State v. Carter, (July 16, 1999), Lawrence App. No. 98CA43, unreported; Persons. Thus, in determining whether the sentencing court properly exercised its discretion, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. State v. Dunwoody, (Aug. 5, 1998), Meigs App. No. 97CA11, unreported.
Our standard of review does not permit us to substitute our judgment for that of the trial court. Carter. Nor may we completely defer to the trial court's decision. Id. Instead, we must examine the record to ascertain whether "substantial evidence" exists in the record "to support the trial court's conclusions and the sentence it imposed." Id.
 A.
We first examine whether the trial court properly imposed more than the minimum term upon Richards. Once a trial court elects to impose a prison sentence, the shortest authorized prison term is presumed to be appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will either demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. Id; see, also, State v. Goff, (June 30, 1999), Washington App. No. 98CA30, unreported.
In this case, the trial court was not required to make any findings in order to impose more than the minimum prison term upon Richards because he had served a prior prison term. The presentence investigation report indicates that in 1997, Richards was sentenced to one year of imprisonment for gross sexual imposition. At the time of the current offense, Richards had served his sentence and was on postrelease control. Accordingly, the trial court did not err in sentencing Richards to more than the minimum term without making any findings.
 B.
We next examine whether the trial court properly imposed consecutive prison terms upon Richards. In order to impose consecutive sentences, a trial court must make certain findings and give its reasons for selecting consecutive sentences. R.C.2929.19(8)(2)(c); State v. Holsinger, (Nov. 20, 1998), Pike App. No. 97CA605, unreported, citing State v. Albert, (1997), 124 Ohio App.3d 225
. R.C. 2929.14(E)(4) provides in part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender * * * was under postrelease control for a prior offense.
 (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
At the sentencing hearing, the trial court found that: (1) consecutive sentences were necessary to protect the public from future crime and to punish the offender; (2) consecutive sentences were not disproportionate to the seriousness of the offender's conduct and danger the offender poses to the public, (3) the offender committed these multiple offenses while the offender was under post-release control for a prior offense. Thus, the trial court made the findings required to impose consecutive sentences.
 C.
We find that the trial court complied with the statutory procedures and appropriately considered the statutory factors prior to imposing Richards' sentence. The trial court was not required to make any findings to impose more than the minimum prison term and made the findings required to impose consecutive sentences. Accordingly, the trial court did not err in sentencing Richards, and any appeal based upon the theory that the trial court abused its discretion in sentencing Richards would be wholly frivolous.
 V.
In his third potential assignment of error, Richards argues that the evidence presented in support of the no contest plea was insufficient as a matter of law to support a finding of guilty, and the verdict of guilty is, therefore, against the manifest weight of the evidence.
When a defendant in a felony case enters a no contest plea, the defendant admits the truth of the facts alleged in the indictment. See Crim.R. 11(B)(2); Crim.R. 11(C)(4); State v.Simmons (Sept. 12, 1996), Ross App. No. 95CA2107, unreported;State v. Sommers (Dec. 8, 1992), Ross App. No. 1856, unreported;State v. Weiher (June 13, 1990), Gallia App. No. 89CA10, unreported, citing State v. Gilham (1988), 48 Ohio App.3d 293.
The indictments in this case established that Richards' conduct constitutes the statutory elements of the charges, and the police reports that were stipulated into evidence allege facts sufficient to find Richards guilty of both kidnapping and assault. As we stated in Section III, Richards committed kidnapping against each of the Johnsons by tying them up, committed felonious assault against Charles by striking him with a cane and kicking him, and committed felonious assault against Charlene by striking her with the cane. Accordingly, the trial court did not err in finding Richards guilty after he pled no contest, and any appeal based upon the theory that there was insufficient evidence to convict Richards would be wholly frivolous.
 VI.
We have independently reviewed the entire record and find no meritorious issues that counsel should be appointed to address.
 VII.
In sum, after examining the entire record, we find that there are no meritorious claims upon which Richards could prevail on appeal and overrule Richards' three "potential assignments of error." We therefore grant counsel's motion to withdraw and affirm the judgment of the trial court.
MOTION GRANTED AND JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the HOCKING COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ABELE, J. and HARSHA, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.