JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a sentence imposed by Judge Mary Jane Boyle following the guilty pleas of David Rodrigues (aka Rodriguez, Rodriques) to one count of rape, one count of kidnapping and one count of burglary. Rodrigues claims that his rape and kidnapping convictions were allied offenses for purposes of sentencing and that the judge improperly sentenced him to maximum, consecutive terms of imprisonment for the rape and kidnapping charges without making the required statutory findings to support the sentences, and failed to consider that he had not been previously incarcerated. We affirm in part, reverse in part, and remand.
 {¶ 2} The record reveals that Rodrigues, purportedly under the influence of alcohol and/or drugs, went to his landlord's apartment, ostensibly to drop off a rent check, entered the bedroom of the landlord's sleeping seven year-old daughter, placed duct tape over her mouth, carried her back to his apartment in the same complex, and anally raped her. Before he released her, he threatened to kill her if she told anyone what he had done.
 {¶ 3} He was charged with one count of forcible rape of a child under the age of thirteen, with a sexually violent predator specification; one count of kidnapping, with sexual motivation and sexually violent predator specifications; one count of gross sexual imposition; one count of burglary; and, one count of possession of criminal tools. He pleaded guilty to rape, with the sexually violent predator specification deleted, to kidnapping and both specifications attached to that offense, and to burglary, each a felony of the first degree.
 {¶ 4} Rodrigues was given a mandatory life imprisonment with parole eligibility after ten years for the rape;[1] a maximum consecutive ten year-to life prison term on the kidnapping count,[2]
and a maximum concurrent ten-year prison term on the burglary count. In addition, because of the sexually violent predator specification attached to the kidnapping count, he was classified as a sexual predator.[3]
 {¶ 5} In his first of two assignments of error, Rodrigues contends that, because he only kidnapped his victim to rape her, the rape and kidnapping are allied offenses of similar import under R.C. 2941.25 and the judge should have sua sponte merged the counts for sentencing purposes. We disagree.
 {¶ 6} Preliminarily, we note that Rodrigues did not object to being sentenced on both the rape and kidnapping counts or move to merge the offenses for sentencing purposes at the time of sentencing, even in the context of the judge specifically stating on the record that she found the counts to constitute two separate crimes. Failure to raise the issue of merger operates as a waiver of such claim on appeal.[4] We, therefore, evaluate this assignment of error under the plain error standard of Crim.R. 52, which states that, "[p]lain error or defect affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.[5]
 {¶ 7} R.C. 2941.25 provides:
 {¶ 8} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 9} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 10} The offense of rape is described by R.C. 2907.02, in relevant part, as follows:
 {¶ 11} "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 12} "* * *
 {¶ 13} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
 {¶ 14} "* * *
 {¶ 15} "(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 16} The elements of the offense of kidnapping, relevant to this case, are found at R.C. 2905.01:
 {¶ 17} "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 18} "* * *
 {¶ 19} "(2) To facilitate the commission of any felony or flight thereafter;
 {¶ 20} "* * *
 {¶ 21} "(4) To engage in sexual activity, as defined in section2907.01 of the Revised Code, with the victim against the victim's will;
 {¶ 22} "* * *
 {¶ 23} "(B) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall knowingly do any of the following, under circumstances that create a substantial risk of serious physical harm to the victim or, in the case of a minor victim, under circumstances that either create a substantial risk of serious physical harm to the victim or cause physical harm to the victim:
 {¶ 24} "(1) Remove another from the place where the other person is found;
 {¶ 25} "(2) Restrain another of his liberty * * *."
 {¶ 26} In Ohio there is a two-part test to determine whether a defendant may be convicted of multiple counts under R.C. 2541.25.[6]
First, one must align the elements of the offenses in the abstract to determine whether the two crimes correspond to such a degree that the commission of one crime results in the commission of the other.[7]
Then, it must determined whether the offenses were committed separately or with separate animus.[8]
 {¶ 27} In every circumstance of a rape, there exists at least an incidental offensive restriction of movement or liberty as part of that offense, and a comparison of the elements of the two crimes reveals "* * * such a singularity of purpose and conduct that kidnapping may be said to be implicit in any forcible rape."[9] The Ohio Supreme Court has held that kidnapping, in violation of R.C. 2905.01(A)(4), and rape, in violation of R.C. 2907.02(A)(2), can constitute allied offenses of similar import.[10] A defendant cannot, therefore, be convicted for both offenses unless the offenses were committed separately or with separate animus. In establishing whether kidnapping and an offense of the same or similar import are committed with separate animus, the Ohio Supreme Court set forth the following guidelines:
 {¶ 28} "Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions[.]"[11]
 {¶ 29} Here, it is undisputed that Rodrigues transported his victim from her bedroom to his apartment for the singular ultimate purpose of raping her. Although duct-taping her mouth and pinning her on his sofa as he violated her would seem incidental to the rape itself, carrying her from her bedroom to his living room was accomplished with separate animus and had its own independent significance — to avoid possible detection during the commission of the rape. In addition, he prevented her rescue by placing duct tape on her mouth and moved her a substantial distance to another unit in the apartment building, acts that further qualify his course of conduct as a separate rape and kidnapping according to the dictates of State v. Logan. Therefore, even had Rodrigues moved the judge to merge his rape and kidnapping counts at the time of sentencing, his request would have been properly denied. This assignment of error is not well taken.
 {¶ 30} Rodrigues complains that, because he had never before been imprisoned, the judge failed to consider imposing the minimum sentences available on the kidnapping and burglary charges and that she stated incorrect or insufficient findings to justify the consecutive sentences. We agree.
 {¶ 31} At sentencing the judge stated:
 {¶ 32} "Well, having read the offense summary as provided by the Cleveland Police Department of the events that occurred on November 8 of 1999 with regard to a little girl who was seven years old, I find that this was the worst form of the offense that was committed, in that you go into a home where you even know the child and you duct tape her. There's hair that's found on the duct tape, DNA samples bring it right to you, and by force, you anally penetrate her and they find the semen, your semen, through DNA expert evidence, inside the little girl.
 {¶ 33} "So there's no doubt in my mind that every element of this crime has been committed by you and that you anally entered a seven-year-old girl by the use of force. And at the end of it, you threatened to kill her if she told anybody. So by threat of force.
 {¶ 34} "So the maximum and the mandatory sentence for count 1 is hereby imposed by this court. Mandatory life imprisonment, subject to eligibility for parole within ten years.
 {¶ 35} "Count 2 is the kidnapping and it is a separate crime in that you did remove her from one place to another, and as I indicated, used duct tape and forced yourself upon her buttocks, a seven-year-old girl. The court finds that you committed the offenses with a sexual motivation and the specification remains a sexually violent predator specification, and under the sentencing guidelines, we are to consider all events, alcohol, drugs. Whatever excuse that you have given is not an excuse under the law. It can be considered as a mitigating factor, but this didn't happen in just a split moment. You entered an apartment, told the father you were there to drop off a rent check, removed the little girl from her room, took her to yours, and this activity occurred.
 {¶ 36} "So the court finds that the maximum penalty under law, since you've committed the worst form of the offense upon a minor, is appropriate, and that is a different crime, so it would run consecutive and it will be ten years to life. "* * *"
 {¶ 37} Under R.C. 2929.14(B), where an offender has not previously served a prison term, absent a finding that the imposition of the shortest prison term authorized for the offense would demean the seriousness of his offense or would not adequately protect the public from future crime by the offender or others, a judge shall impose the shortest prison term authorized by law. "By its very nature, R.C.2929.14(B) must be addressed for that limited and unique number of offenders who are sentenced to more than the minimum term of initial imprisonment, and [R.C. 2929.14(C)], while applicable to a larger body of offenders, thereafter requires that the judge make [a] finding supported by reasons justifying a maximum sentence."[12] In order to justify imposing more than a minimum term of incarceration on an offender who had never been previously incarcerated, the record must reflect that the judge first considered imposing the minimum term and then departed from2929.14(B)'s presumption for one of the two permitted reasons.[13]
 {¶ 38} A judge may lawfully impose the maximum allowable sentence, under R.C. 2929.14(C), "* * * only upon offenders who committed the worst forms of the offense, [or] upon offenders who pose the greatest likelihood of committing future crimes * * *." In imposing such a sentence, a judge is required to find one of the above factors applicable to the offender, and is also required to state the reasons underlying the finding.[14]
 {¶ 39} Although the judge imposed the maximum terms of imprisonment upon Rodrigues for his kidnapping and burglary convictions, it is facially apparent that she gave no consideration to R.C. 2929.14(B) and its presumption that the minimum term of incarceration was appropriate for Rodrigues, who had never before been imprisoned. The fact that she gave purported findings for imposition of a maximum term for kidnapping does not, in and of itself, implicitly satisfy R.C.2929.14(B).[15] Further, she gave no finding whatsoever for the maximum sentence on the burglary count.
 {¶ 40} Under R.C. 2929.14(E)(4), a judge may sentence a defendant to consecutive terms of imprisonment for multiple crimes in the following circumstances:
 {¶ 41} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 42} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 43} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 44} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[16]"
 {¶ 45} In making such findings that consecutive sentences are appropriate, a judge must articulate, on the record, the reasons for the findings made.[17]
 {¶ 46} An appellate court may disturb a maximum or consecutive sentence imposed only if it clearly and convincingly finds that the record does not support the judge's findings under the statutory factors found in R.C. 2929.13(B) and (D) or the sentence is otherwise contrary to law.[18]
 {¶ 47} The judge made none of the findings required by R.C.2929.14(E)(4), and the imposition of consecutive sentences was not suitably justified. This assignment of error has merit.
Judgment affirmed in part, sentence vacated and case remanded for resentencing.
It is ordered that the parties bear their own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE JR., J. concurs in judgment only.
DIANE KARPINSKI, J., concurs.
[1] R.C. 2907.02(B).
[2] Because Rodrigues pleaded guilty to the kidnapping charge with the sexual motivation and sexually violent predator specifications attached, the judge was required to impose an indefinite sentence with a minimum term authorized by statute for the offense, or three-to-ten years for a first degree felony, per R.C. 2929.14(A)(1), and a maximum term of life in prison. See R.C. 2971.03(A)(3).
[3] R.C. 2950.09.
[4] State v. Smith, 80 Ohio St.3d 89, 118, 1997-Ohio-355.
[5] State v. Pumpelly (1991), 77 Ohio App.3d 470, 475, 602 N.E.2d 714,717.
[6] State v. Rance (1999), 85 Ohio St.3d 632, 638, 710 N.E.2d 699, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14, 676 N.E.2d 80.
[7] Id.
[8] Id.
[9] State v. Mitchell (1983), 6 Ohio St.3d 416, 418, 453 N.E.2d 593.
[10] See State v. Donald (1979), 57 Ohio St.2d 73, 386 N.E.2d 1341, syllabus.
[11] State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus.
[12] State v. Halmi (Aug. 16, 2001), Cuyahoga App. No. 78485.
[13] State v. Jones, 93 Ohio St.3d 391, 398, 2001-Ohio-1341.
[14] R.C. 2929.19(B)(2)(d); State v. Edmonson (1999), 86 Ohio St.3d 324,329, 715 N.E.2d 131.
[15] See State v. De Amiches (Mar. 1 2001), Cuyahoga App. No. 77609:
"There is no indication here that the judge was aware of the presumption afforded [the defendant] in R.C. 2929.14(B), much less that she began her analysis from that presumption and departed from it only after finding that the offense was so serious or the risk of future crime so great that the presumption was rebutted. * * * The presumption of R.C. 2929.14(B) appears to reflect a belief that the punishment and specific deterrent effects of prison terms can be achieved in shorter periods when offenders have not previously been in prison. The presumption also could reflect a belief that such offenders ordinarily present a lower risk of recidivism. Whatever its purposes, we cannot simply assume that the judge would have imposed the same sentence if she had recognized and considered the legislative directive."
[16] R.C. 2929.14(E)(4).
[17] R.C. 2929.19(B)(2)(d); State v. Jones (2001), 93 Ohio St.3d 391,399, 754 N.E.2d 1252, 1260.
[18] R.C. 2953.08(G).