[Cite as *State v. Thomas*, 2014-Ohio-4929.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101067**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MOSES THOMAS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574981-A

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

-i-

**ATTORNEY FOR APPELLANT**

John T. Castele
Rockefeller Building, Suite 1310
614 West Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brent C. Kirvel
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Moses Thomas appeals the trial court's denial of his motion to withdraw his guilty plea and assigns the following errors for our review:

I. The trial court erred by not holding a separate hearing to determine the merits of the defendant's pre-sentence, oral motion to withdraw his plea pursuant to Crim.R. 32.1.

II. The trial court erred by not holding a hearing to determine if aggravated murder and aggravated robbery were allied offenses of similar import.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On June 6, 2013, the Cuyahoga County Grand Jury indicted Thomas, along with three codefendants, for aggravated murder, aggravated burglary, aggravated robbery, kidnapping, theft, and having weapons while under disability. The one-and three-year firearm specification, notice of prior conviction, and repeat violent offender specifications were attached to several counts. On June 12, 2013, Thomas pleaded not guilty at his arraignment.

{¶4} On December 27, 2013, pursuant to a plea agreement with the state, Thomas pleaded guilty to one count of aggravated murder and one count of aggravated robbery with the attached one- and three-year firearm specifications. As a condition of the plea, Thomas agreed to testify truthfully if called to testify in the trials of his codefendants. In exchange for the pleas, the state dismissed the remaining charges.

{¶5} On February 25, 2014, Thomas appeared for sentencing. Prior to sentencing, Thomas, through counsel, indicated that he desired to withdraw his guilty pleas. After a brief discussion, wherein Thomas indicated that he believed he would be facing too much prison time, the trial court denied the request to withdraw the pleas.

{¶6}   The trial court proceeded to sentence Thomas to 25 years to life consecutive to the three-year firearm specification for a total of 28 years on the aggravated murder charge.  The trial court also sentenced Thomas to 11 years consecutive to the three-year firearm specification for a total of 14 years on the aggravated robbery charge.  The trial court ordered that the sentences on each count be served concurrently for a total of 28 years.

## Withdrawal of Guilty Plea

{¶7}   In the first assigned error, Thomas argues the trial court should have held a hearing to determine whether his request to withdraw his guilty plea was meritorious.

{¶8}   Under Crim.R. 32.1, a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶9}   In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted."  *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).   It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.  A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea."  *Id*. at paragraph one of the syllabus.

{¶10} The decision to grant or deny a motion to withdraw is within the trial court's discretion.  *Id*. at paragraph two of the syllabus.  Absent an abuse of discretion, the trial court's decision must be affirmed.  *Id*. at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶11} We have previously held that

[i]t is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: (1) is represented by competent counsel; (2) is given a full Crim.R. 11 hearing before entering a plea; and (3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion.

*State v. Bridges*, 8th Dist. Cuyahoga No. 87633, 2006-Ohio-6280, ¶ 5; *see also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

**{¶12}** After reviewing the instant matter, we find no abuse of discretion in the trial court's denial of Thomas's motion to withdraw his guilty plea. On the morning of the sentencing hearing, the following exchange took place:

| The Court: | And we are here for purposes of sentencing. [Counsel] it's my understanding that you want to address the Court. |
|---|---|
| [Counsel:] | Your Honor, I've taken the opportunity to speak to Mr. Thomas at length this morning. And Mr. Thomas has indicated to me that it is his desire to request that he be allowed to withdraw his plea. |
| The Court: | All right. And what is the basis of that, Mr. Thomas? Why do you want to withdraw your plea? |
| The Defendant: | I feel like it's too much time. |
| The Court: | All right. So is there any reason why you would withdraw your plea of guilty, other than that? |
| The Defendant: | No, your Honor. |
| The Court: | You were satisfied with your representation by [Counsel]; is that correct? |
| The Defendant: | Yes, your Honor. |

| | |
|---|---|
| The Court: | And when we went over the plea, you understood your rights, and the rights you were giving up by pleading guilty? |
| The Defendant: | Yes, your Honor. |
| The Court: | And you understood all the potential penalties? They were all explained to you? |
| The Defendant: | Yes, your Honor. |
| The Court: | All right. Anything else from the State? |
| [The Prosecutor:] | Judge, I've reviewed the case law recently, and similar circumstances, and I know that this Court's vested with discretion here, and standards and abuse of discretion. It's also been pointed out and reaffirmed recently by the Eighth District Court of Appeals that, quote, from yet even an earlier case, they're quoting in the last case that I looked at being the Eighth District, quote, "Buyer's remorse is not a reason to withdraw a plea." And I believe that's what — the only thing that's going on right here is — falls under the umbrella of buyer's remorse. I think the Court's questions were appropriate regarding the — his beliefs and understanding at the time of the plea. And also the fact that there's no other reason than the time associated with these particular charges, it's a confession-based case. * * * |
| The Court: | [Counsel.] |
| [Counsel:] | The only thing I would say on the record is the Eighth District Court of Appeals has consistently treated withdrawals of pleas prior to sentencing and after sentencing differently. And he has not been sentenced yet. The Court has not announced what it's sentence is going to be, and I think that the Eighth District has viewed withdrawing the plea more favorably under those circumstances, so I would just add that for the record. |

| The Court: | All right. After conducting a short hearing, I mean, I don't believe there's a basis to withdraw the plea. He was aware of his rights. He's happy with the representation he received from a distinguished lawyer in the county. There were several pretrials involved here. He admitted his guilt at plea, and I believe to police officers, so I don't believe there's a basis — so I'm going to deny the request to withdraw the plea. |

Tr. 23-26.

{¶13} Preliminarily, we note, the above excerpt from the sentencing hearing, as well as our review of the plea hearing, reveals that the trial court substantially complied with Crim.R. 11(C)(2)(a). We find that Thomas's plea was knowingly, voluntarily, and intelligently made.

{¶14} The record reveals that Thomas was represented by competent counsel, who, in the trial court's opinion, was a distinguished lawyer in this county, and Thomas indicated that he was happy with the representation. As stated previously, our review indicated that the trial court substantially complied with Crim.R. 11(C)(2)(a) and the record indicates that Thomas was given a full Crim.R. 11 hearing before entering his plea.

{¶15} In addition, despite Thomas's assertion to the contrary, our review of the record demonstrates that the trial court gave Thomas a complete and impartial hearing on his presentence motion to withdraw his guilty plea. Here, Thomas's sole reason for requesting that the trial court withdraw his plea was that he would be facing too much time. In denying the motion, the trial court indicated that the matter was significantly pretried and that Thomas admitted his guilt at the plea hearing and to the police.

{¶16} Thus, Thomas's change of heart or what the prosecutor characterized as "buyer's remorse" was not sufficient to warrant the withdrawal of his guilty plea where, as here, the record supports the trial court's finding that Thomas entered his plea voluntarily, knowingly, and

intelligently. *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 19. Accordingly, we overrule the first assigned error.

**Allied Offenses**

**{¶17}** In the second assigned error, Thomas argues the trial court erred by not conducting a hearing to determine whether aggravated robbery and aggravated murder were allied offenses of similar import.

**{¶18}** Ohio courts have long used a two-prong test to determine whether multiple offenses should be considered allied offenses and merged. "The first prong looks to the import of the offenses and requires a comparison of their elements." *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 13. "If the elements 'correspond to such a degree that the commission of one offense will result in the commission of the other,' the offenses share a similar import." *Id.*, citing *State v. Mitchell*, 6 Ohio St.3d 416, 418, 453 N.E.2d 593 (1983). "The second prong looks to the defendant's conduct and requires a determination whether the offenses were committed separately or with a separate animus." *Washington* at ¶ 13.

**{¶19}** Over the years, confusion arose as to whether, under the first prong, the elements should be viewed in the abstract or in light of the particular facts of each case. In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio overruled its prior decision and concluded that the defendant's conduct must be considered in analyzing the first prong of the allied offenses analysis.

**{¶20}** Although *Johnson* abandoned the abstract component of the first prong, it did not change the second prong, which has always required courts to determine whether the offenses "were committed separately or with a separate animus." *Washington* at ¶ 12.

**{¶21}** Regarding aggravated murder and aggravated robbery, before *Johnson*, the Supreme Court of Ohio had repeatedly rejected the double-jeopardy claim and held that aggravated murder is not an allied offense of similar import to an underlying aggravated robbery. *State v. Coley*, 93 Ohio St.3d 253, 264-265, 2001-Ohio-1340, 754 N.E.2d 1129, citing *State v. Reynolds*, 80 Ohio St.3d 670, 681, 1998-Ohio-171, 687 N.E.2d 1358; *State v. Smith*, 80 Ohio St.3d 89, 117, 1997-Ohio-355, 684 N.E.2d 668.

**{¶22}** *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which instructed the court to look to the defendant's conduct in the particular case under the first prong, does not change the analysis. Thomas shot his cousin execution style in the back of the head because of years of pent-up animus, hostility, and hidden rage, stemming from years of abuse that he was unable to confront his cousin about. Afterwards, while his cousin was laying in a pool of blood, Thomas went through the victim's pockets and took his possessions.

**{¶23}** Applying the first prong and considering his conduct, the two offenses do not correspond to such a degree that the commission of one offense will result in the commission of the other. Under the second prong, the two offenses were committed separately and with a separate animus. Therefore, the two offenses are not allied offenses subject to merger.

**{¶24}** We note that, at the sentencing hearing, the trial court did not consider whether the two offenses were allied offenses subject to merger, and the defense counsel did not raise the issue. In *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499, *conflict certified*, 136 Ohio St.3d 1508, 2013-Ohio-4657, 995 N.E.2d 1212, an allied offenses issue existed regarding whether an offender who received the property of two or more persons in a single transaction may be convicted for more than one count of receiving stolen property. The trial court did not conduct a merger analysis, and the defense counsel failed to raise the issue. This court remanded the case

to the trial court for a merger analysis, even though the defense counsel's failure to raise the issue could have been construed as a waiver.

{¶25} This case does not require a remand pursuant to *Rogers*. As *Rogers* itself noted, not every case involving multiple convictions with a silent record will require an allied-offenses determination by the trial court. *Id.* at ¶ 26. *Rogers* required a remand because a facial question of allied offenses existed, yet there was insufficient facts of the defendant's actual conduct placed on the record for an appellate review. In contrast, here, the record plainly shows that Thomas's two offenses are not allied offenses and, therefore, a remand is not warranted. Accordingly, we overrule the second assigned error.

{¶26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR